UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ERIC MELOVICH,
    Defendant.

Case No. 15-cr-00489-RS-2

**ORDER DENYING COMPASSIONATE RELEASE**

## I. INTRODUCTION

Defendant Eric Melovich is currently in the custody of the Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institution ("FCI") in Big Spring, Texas. Mishler is 44 years old and suffers from chronic obstructive pulmonary disease ("COPD"). He moves for immediate release from FCI Big Spring pursuant to 18 U.S.C. § 3582(c)(1)(A), citing several reasons, including his increased risk of severe illness from COVID-19 and desire to become the caretaker for his ill mother. For the reasons set forth below, the motion is denied.

## II. BACKGROUND

On November 8, 2016, Melovich pled guilty to violations of 21 U.S.C. §§ 846, 841(b)(1)(A) (Conspiracy to Distribute over 50 grams of Methamphetamine) and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (Distribution of over 50 grams of methamphetamine). On May 8, 2018, he was sentenced to the mandatory minimum sentence of 120 months of imprisonment. The court also sentenced him to five years of supervised release. Melovich self-surrendered on June 5, 2018;

his projected release date is November 5, 2026.

Upon entering BOP custody, Melovich was incarcerated at FCI Herlong in Northern California. He was later transferred to FCI Victorville in Southern California in January 2020, before then being transferred to FCI Big Spring in May 2021. On October 24, 2020, Melovich submitted a written request for compassionate release addressed to the warden of FCI Victorville. The warden did not respond to his request. On September 7, 2021, Melovich filed this motion for reduction of sentence pursuant to 18 U.S.C. § 3852(c)(1)(A)(i).

## III. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Upon such a motion, a court may modify a defendant's sentence if, "after considering the factors set forth in section 3553(a) to the extent they are applicable," it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* § 3582(c)(1)(A). The Ninth Circuit has held that "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant[,]" as U.S.S.G. § 1B1.13 addresses motions for compassionate release filed by the BOP Director, not motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

## IV. DISCUSSION

The government agrees that 30 days have elapsed since Melovich first sought relief from the warden at FCI Victorville, so the administrative exhaustion requirement is satisfied. Therefore, to grant Melovich's motion, the Court must find: (1) "extraordinary and compelling reasons" warrant a reduction and (2) a reduction is in accordance with the sentencing factors espoused in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

**A. Extraordinary and Compelling Reasons**

Melovich has presented a variety of reasons he argues support his release, including the imposition of a mandatory minimum, his continued risk of harm from contracting COVID-19 due to his medical conditions (including COPD), the harsh conditions of his incarceration, the rehabilitative efforts he has undertaken while in prison, and his mother's need for assistance. As explained below, these circumstances are not extraordinary and compelling reasons that justify release when Melovich has only completed one third of his sentence.

Melovich focuses his argument on the court's imposition of the ten-year mandatory minimum sentence, arguing that the imposition of a mandatory minimum is an extraordinary and compelling reason to justify release. Melovich's sentence was indeed a function of the mandatory minimum, and the Court did indicate that the mandatory minimum restricted the ability to consider Melovich's personal circumstances and conduct. Melovich, however, has served less than four years of that ten-year sentence. The imposition of a mandatory minimum does not in this case create an extraordinary and compelling reason warranting release.

The continuing COVID-19 pandemic also does not justify release in these circumstances. Melovich's risk of serious illness from COVID-19 has decreased following his vaccination for COVID-19.[1] Although his vaccination does not eliminate his risk of serious illness, vaccines drastically reduce the chance of severe illness and hospitalization. *See* CDC, Rates of COVID-19 Cases and Deaths by Vaccination Status (last visited November 1, 2021), https://covid.cdc.gov/covid-data-tracker/#rates-by-vaccine-status. Further, Melovich has not directed the court to any evidence indicating that fully vaccinated people with COPD still face a high risk of severe disease or death from COVID-19. Melovich also argues that the conditions of his imprisonment are harsher than what the court envisioned at sentencing, but the court was bound by a ten-year mandatory minimum, and thus did not impose a sentence tailored to the

---

[1] Melovich's motion states that he received the Pfizer vaccine; the government's opposition states that he received the Moderna vaccine. Both are mRNA vaccines that offer strong protection.

conditions of confinement as envisioned prior to the pandemic.

Melovich's other personal circumstances also do not justify release at this time. His good conduct in prison is commendable, and the Court is sympathetic towards his desire to care for his mother. In the context of his relatively little time served on the sentence, though, these reasons do not warrant release. Thus, in conclusion, Melovich has not demonstrated extraordinary and compelling reasons to justify release after serving one third of his sentence.

### B. Section 3553(a) Factors

Release is also not consistent with the factors outlined in 18 U.S.C. § 3553(a). This statute entrusts courts with imposing sentences "sufficient, but not greater than necessary[.]" 18 U.S.C. § 3553(a). The statute outlines many factors the court must consider when imposing a sentence, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" *Id.* § 3553(a)(2)(A).

Consideration of all these factors does not warrant release. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), do not justify such a severe departure from the mandatory minimum sentence. Section 3553 cautions courts to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(6). Allowing release after only a third of a sentence would create an unwarranted disparity between Melovich and others who were subject to the same laws.

### V. CONCLUSION

For the reasons set forth above, Melovich's motion for compassionate release is denied.

**IT IS SO ORDERED**.

Dated: November 3, 2021

RICHARD SEEBORG
Chief United States District Judge

ORDER DENYING COMPASSIONATE RELEASE
CASE NO. 15-cr-00489-RS-2

4